**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
DIOSDADO CABELLO-RONDÓN,

                       Plaintiff,

        -against-

DOW JONES & COMPANY, INC. and
NEWS CORPORATION,

                      Defendants.
------------------------------------------------------------------X

**COMPLAINT**

No. _____

**Plaintiff demands a trial by jury of all issues so triable.**

      Plaintiff Diosdado Cabello-Rondón ("Mr. Cabello") sues Defendants Dow Jones & Company, Inc. ("Dow Jones") and News Corporation ("News Corp."), and states as follows:

### NATURE OF THE ACTION

      1.    This is a libel action arising from the publication in *The Wall Street Journal* of an article entitled "Venezuelan Officials Suspected of Turning Country into Global Cocaine Hub," and subtitled as "U.S. probe targets No. 2 official Diosdado Cabello, several others, on suspicion of drug trafficking and money laundering" (the "Article"). *See* José de Córdoba and Juan Forero, "Venezuelan Officials Suspected of Turning Country into Global Cocaine Hub," THE WALL STREET JOURNAL, May 18, 2015.

      2.    Upon information and belief, the allegations contained in the Article distort and/or inaccurately convey what unnamed sources had allegedly disclosed to Defendants, or are otherwise based on non-existent or inaccurate accounts of ongoing law enforcement activities.

      3.    The Article contains false and defamatory allegations that Plaintiff has been involved in criminal activities related to drug trafficking and money laundering.

      4.    Defendant News Corp., through its subsidiary Dow Jones, published the Article on May 18, 2015 in *The Wall Street Journal*, Dow Jones's flagship daily newspaper. On or

about the same day, Defendants disseminated the Article around the globe by publishing it on the World Wide Web via the official website of *The Wall Street Journal*, where it remains currently accessible. *See id.*, available at http://www.wsj.com/articles/venezuelan-officials-suspected-of-turning-country-into-global-cocaine-hub-1431977784 (last accessed April 18, 2016).

5. Defendants' publications enabled the Article to be widely circulated and commented upon around the world, and have caused, and continue to cause, enormous damage to Mr. Cabello's reputation and good name, both personally and in his capacity as a key member of Venezuela's National Assembly. Mr. Cabello has also suffered substantial economic damages as a result of the Article's publication and subsequent dissemination.

6. Many of the false and defamatory statements contained in the Article have since been republished by other outlets. Those republications have exacerbated the damages to Mr. Cabello caused by the original publication.

7. Plaintiff seeks damages, including punitive damages, as well as costs, against all Defendants.

## THE PARTIES

8. Plaintiff Mr. Cabello is a resident and citizen of the Bolivarian Republic of Venezuela. Mr. Cabello is an accomplished Venezuelan public servant and government official who serves, and has served, in a number of high-ranking positions within the Venezuelan government. Among other key posts described below, Mr. Cabello is a current member of the Venezuelan National Assembly, having presided over the National Assembly as its President from January 5, 2012 until January 5, 2016. He also serves as the Vice President of Venezuela's current governing party, the United Socialist Party of Venezuela ("PSUV"), and in this capacity, is often referred to as the country's "Number Two."

9. Defendant Dow Jones is a corporation existing under the laws of the State of Delaware, with its headquarters and principal place of business located in this District at 1211 Avenue of the Americas, New York, New York 10036. Dow Jones is a global provider of news and business information.

10. *The Wall Street Journal* ("WSJ") is Defendant Dow Jones's flagship media product. The WSJ "is available in print, online and across multiple mobile, tablet and electronic reader devices." *See* News Corp. Form 10-K dated Aug. 13, 2015 at 3. "WSJ covers national and international news and provides analysis, commentary and opinions on a wide range of topics, including business developments and trends, economics, financial markets, investing, science and technology, lifestyle, culture and sports." *Id.* Based on the most recent publicly obtainable data, WSJ "had average print and digital issue sales of approximately 2,197,000, including average print and digital subscriptions of approximately 1,897,000." *Id.* "WSJ.com, which offers both free and premium content, averaged more than 72 million visits per month for the 12 months ended June 30, 2015." *Id.* at 4.

11. Defendant News Corp. is a corporation existing under the laws of the State of Delaware, with its headquarters and principal place of business located in this District at 1211 Avenue of the Americas, New York, New York 10036. As a "global diversified media and information services company focused on creating and distributing authoritative and engaging content to consumers and businesses throughout the world," News Corp. distributes content under *The Wall Street Journal* brand through its subsidiary, Defendant Dow Jones. *Id.* at 3-4.

## JURISDICTION AND VENUE

12. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a), because the amount in controversy exceeds $75,000, exclusive of interest and costs, and this controversy is between citizens of a State and a citizen or subject of a foreign state.

13. Venue is proper in this District under 28 U.S.C. §§ 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## GENERAL ALLEGATIONS

14. A devout husband and father of four, Mr. Cabello is a distinguished Venezuelan politician, high-ranking member of the military, and a professional engineer. He is a graduate of the renowned Bolivarian Military University of Venezuela (Venezuela's "West Point").

15. As Venezuela's Vice President during a failed coup d'état in 2002, Mr. Cabello served as interim President, temporarily assuming the Presidency of the country.

16. Mr. Cabello soon left the Vice Presidency to head Venezuela's Ministry of the Interior and Justice from 2002 to 2003, and the Ministry of Infrastructure from 2003 to 2004. Between 2004 and 2008, Mr. Cabello was elected to serve as Governor of the State of Miranda, the country's second-most populous state. After his successful governorship, Mr. Cabello led Venezuela's Ministry of Infrastructure, later renamed the Ministry of Public Works and Housing, until 2010, when he was elected as a candidate for deputy/representative of the State of Monagas.

17. Currently, Mr. Cabello is an active member of the Venezuelan National Assembly, having served as the President of the National Assembly from January 5, 2012 until January 5, 2016.

18. On May 18, 2015, Dow Jones and News Corp. published a *Wall Street Journal* article entitled "Venezuelan Officials Suspected of Turning Country into Global Cocaine Hub."

It was subtitled "U.S. probe targets No. 2 official Diosdado Cabello, several others, on suspicion of drug trafficking and money laundering." Upon information and belief, the title and subtitle, insofar as they mentioned and referred to Mr. Cabello, were an inaccurate description of the investigation.

19. Upon information and belief, the Article inaccurately represented quotes from unnamed sources, and/or attributed to unknown sources quotes that were never made, when:

    a. the Article stated that U.S. authorities were investigating Mr. Cabello on suspicion that he had turned Venezuela into "a global hub for cocaine trafficking and money laundering"; and

    b. it quoted an unnamed Justice Department official as saying that there was extensive evidence to suggest that Mr. Cabello was "one of the heads, if not the head, of the cartel."

20. The Article also falsely and inaccurately stated, with no source whatsoever, that Mr. Cabello was the investigation's "biggest target."

21. The Article also quotes persons who were not involved in any official investigatory proceeding.

22. One, a supposed former Venezuelan National Guard Officer, stated that "[t]he involvement of top officials . . . in the government of Venezuela in drug trafficking is very clear." That statement was included in the publication in such a way as to lead a reasonable person to believe that the purported source was referring to Mr. Cabello. The statement was false as to Mr. Cabello.

23. The Article also claimed that "people familiar with the case" had said Leamsy Salazar had told U.S. authorities that he witnessed Mr. Cabello supervise the launch of a large shipment of cocaine from Venezuela's Paraguaná peninsula.

24. Upon information and belief, Defendants Dow Jones and News Corp. obtained that quote from an article published several months prior in the Spanish periodical, ABC.

25. Upon information and belief, Defendants Dow Jones and News Corp. did not obtain the information regarding Salazar's accusation from anyone involved in any official investigation.

26. Alternatively, to the extent Defendants Dow Jones and News Corp. did obtain the information regarding Salazar's accusation from someone involved in an official investigation, they inaccurately stated the substance of the source's statement.

27. The defamatory WSJ Article against Mr. Cabello spawned a tsunami of republications by various U.S. and international news outlets.

28. Defendants Dow Jones and News Corp. have doubled-down on their defamatory accusations by expressly republishing the original Article by reference in subsequent reporting. *See* José de Córdoba, "U.S. Charges Top Former Venezuelan Officials With Drug Trafficking," THE WALL STREET JOURNAL, Oct. 2, 2015, available at http://www.wsj.com/articles/u-s-charges-top-former-venezuelan-officials-with-drug-trafficking-1443828347 (last accessed April 18, 2016) ("In a story earlier this year, The Wall Street Journal reported that prosecutors in New York and Miami, as well as an elite unit from the Drug Enforcement Administration in Washington, are building drug cases against leading Venezuelan officials including Diosdado Cabello, the president of Venezuela's National Assembly, who is widely considered the country's second most powerful man.").

29. Ill-meaning opportunists have used, and are continuing to use, Defendants' original defamatory Article and the multitude of republications that it has spawned in both the U.S. and international media as a launching pad for instigating a vicious vendetta against Mr. Cabello's character and good name in the court of public opinion. *See, e.g.,* Nicholas Casey and William Neuman, "Venezuela May Have Indirectly Aided U.S. Inquiry of Official," N.Y. TIMES, Dec. 16, 2015, available at http://www.nytimes.com/2015/12/17/world/americas/venezuela-may-have-indirectly-aided-us-inquiry-of-official.html?_r=0 (last accessed April 18, 2016); Jackson Diehl, "A Drug Cartel's Power in Venezuela," THE WASHINGTON POST, May 24, 2015, available at https://www.washingtonpost.com/opinions/a-drug-cartels-power-in-venezuela/2015/05/24/9bc0ff14-ffd6-11e4-8b6c-0dcce21e223d_story.html (last accessed April 18, 2016).

30. All conditions precedent for the filing of this action have been performed, have been waived, or would otherwise be futile to perform.

## COUNT I
## DEFAMATION – LIBEL *PER SE*

31. Mr. Cabello re-alleges paragraphs 1 through 30 above as if fully alleged herein.

32. Dow Jones and News Corp. made false and defamatory statements of fact regarding Mr. Cabello in the Article, as specifically identified in paragraphs 18-26, above.

33. Dow Jones and News Corp. published these false statements to third parties, and did so without any authorization or privilege.

34. These false written statements constitute libel *per se* because, without limitation, they (1) charge or accuse Mr. Cabello of committing one or more serious crimes, *i.e.*, federal drug trafficking and money laundering offenses; and/or (2) tend to injure Mr. Cabello in his profession as a high-level Venezuelan government official.

35. Dow Jones and News Corp. made these false statements with actual malice, *i.e.*, with knowledge that the statements were false or with reckless disregard as to whether they were false or not.

36. Alternatively, to the extent that Defendants did not make these false statements with actual malice, the defamatory falsehoods espoused do not relate to Mr. Cabello's official conduct in any of his roles as a Venezuelan public servant, and Defendants' making of these false statements amounted to at least negligence.

37. Mr. Cabello has suffered damages as a result of Defendants' tortious conduct.

WHEREFORE, Plaintiff Diosdado Cabello-Rondón demands judgment against Defendants for damages, punitive damages, costs, and such further relief as the Court deems just and appropriate.

Dated: Hackensack, New Jersey
       May 5, 2016

                                          **WINNE, BANTA,**
                                          **BASRALIAN & KAHN, P.C.**

*s/ Gary S. Redish*
Gary S. Redish
Court Plaza South - East Wing,
21 Main Street, Suite 101
P.O. Box 647
Hackensack, NJ 07601
(201) 487-3800
Fax: (201) 487-8529
Email: gredish@winnebanta.com
*Local Counsel For Plaintiff*

Elio E. Perez (Florida Bar No.: 432271)
28 West Flagler Street, 10th Floor
Miami, FL 33130
(954) 854-0211
Email: elioperezlaw@gmail.com
*Counsel for Plaintiff*
*(Pro Hac Vice Application Forthcoming)*