UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DIOSDADO CABELLO-RONDÓN,                  :
                                          :
                    Plaintiff,            :
         -against-                        :    Case No.  16-CV-03346 (KBF)
                                          :
DOW JONES & COMPANY, INC.,                :
                                          :
                    Defendant.            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Katherine M. Bolger, Esq.
Jeremy A. Kutner, Esq.
LEVINE SULLIVAN KOCH & SCHULZ, LLP
321 West 44th St., Suite 1000
New York, NY 10036
Telephone: (212) 850-6123
Facsimile: (212) 850-6299
kbolger@lskslaw.com

*Counsel for Defendant Dow Jones & Company, Inc.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

ARGUMENT .........................................................................................................................1

I.    THE COMPLAINT FAILS TO ALLEGE MATERIAL FALSITY ...................................1

II.    MR. CABELLO HAS FAILED TO PLAUSIBLY PLEAD ACTUAL MALICE ..............8

CONCLUSION .....................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Adelson v. Harris*,
   973 F. Supp. 2d 467 (S.D.N.Y. 2013)..............................................................................4, 5

*Am. Preferred Prescription, Inc. v. Health Mgmt., Inc.*,
   252 A.D.2d 414 (1st Dep't 1998) .........................................................................................2

*Armstrong v. Simon & Schuster, Inc.*,
   85 N.Y.2d 373 (1995) ..........................................................................................................4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................3, 5, 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)...............................................................................................2, 3, 5, 8

*Biro v. Conde Nast*,
   883 F. Supp. 2d 441 (S.D.N.Y. 2012)..................................................................................4

*Biro v. Conde Nast*,
   807 F.3d 541 (2d Cir. 2015)..................................................................................2, 8, 9, 10

*Chapin v. Knight-Ridder, Inc.*,
   993 F.2d 1087 (4th Cir. 1993) .............................................................................................2

*Cohn v. NBC*,
   50 N.Y.2d 885 (1980) ..........................................................................................................7

*Dobelle v. Flynn*,
   12 F. Supp. 3d 274, 294 (D. Mass. 2014) ........................................................................2, 3

*Dr. R.C. Samanta Roy Inst. of Science & Tech. v. Star Tribune Co.*,
   2005 WL 1661514 (D. Minn. July 15, 2005) ......................................................................5

*Firth v. New York*,
   98 N.Y.2d 365 (2002) ..........................................................................................................2

*Gunduz v. N.Y. Post Co.*,
   188 A.D.2d 294 (1st Dep't 1992) .........................................................................................3

*Hohmann v. GTECH Corp.*,
   910 F. Supp. 2d 400 (D. Conn. 2012) ..................................................................................5

*JBCHoldings NY, LLC v. Pakter*,
   931 F. Supp. 2d 514 (S.D.N.Y. 2013) ............................................................................... 5

*Jewell v. NYP Holdings, Inc.*,
   23 F. Supp. 2d 348 (S.D.N.Y. 1998) .................................................................................. 3

*Karaduman v. Newsday, Inc.*,
   51 N.Y.2d 531 (1980) ........................................................................................................ 9

*Karedes v. Ackerley Grp., Inc.*,
   423 F.3d 107 (2d Cir. 2005) .............................................................................................. 3

*Kirch v. Liberty Media Corp.*,
   2004 WL 2181383 (S.D.N.Y. Sept. 27, 2004) ............................................................... 5, 6

*Law Firm of Daniel P. Foster, P.C. v. Turner Broad. Sys., Inc.*,
   844 F.2d 955 (2d Cir. 1988) .............................................................................................. 3

*Lenz v. Young*,
   492 F. App'x 145 (2d Cir. 2012) .................................................................................... 6, 7

*Mayfield v. NASCAR, Inc.*,
   674 F.3d 369 (4th Cir. 2012) ............................................................................................. 8

*Michel v. NYP Holdings, Inc.*,
   816 F.3d 686 (11th Cir. 2016) ....................................................................................... 8, 9

*Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*,
   14 F. Supp. 3d 191 (S.D.N.Y. 2014) .................................................................................. 2

*N.Y. Times Co. v. Sullivan*,
   376 U.S. 254 (1964) ........................................................................................................... 4

*Perry v. Isle of Wight Cty.*,
   2015 WL 5999651 (E.D. Va. Oct. 13, 2015) ..................................................................... 2

*Pippen v. NBCUniversal Media, LLC*,
   734 F.3d 610 (7th Cir. 2013) ............................................................................................. 8

*Prince v. Madison Square Garden*,
   427 F. Supp. 2d 372 (S.D.N.Y. 2006) ................................................................................ 5

*Rakofsky v. Wash. Post*,
   39 Misc. 3d 1226(A), 2013 WL 1975654 (Sup. Ct. N.Y. Cnty. Apr. 29, 2013) ................ 9

*Schatz v. Republican State Leadership Comm.*,
   669 F.3d 50 (1st Cir. 2012) ................................................................................................ 8

*Stephan v. Cawley*,
   24 Misc. 3d 1204(A), 2009 WL 1740827 (Sup. Ct. N.Y. Cnty. June 4, 2009) ........................2

*Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc.*,
   603 F. Supp. 2d 584 (S.D.N.Y. 2009) ...................................................................................3

*Trout Point Lodge, Ltd. v. Handshoe*,
   729 F.3d 481 (5th Cir. 2013) .................................................................................................6

*Van Buskirk v. N.Y. Times Co.*,
   325 F.3d 87 (2d Cir. 2003) ....................................................................................................2

*Vinas v. Chubb Corp.*,
   499 F. Supp. 2d 427 (S.D.N.Y. 2007) ...................................................................................7

*Wash. Post Co. v. Keogh*,
   365 F.2d 965 (D.C. Cir. 1966) ..............................................................................................5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................1

Defendant Dow Jones & Company, Inc. ("Dow Jones"), by and through its undersigned counsel, hereby submits this Reply Memorandum of Law in further support of its Motion to Dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Mr. Cabello's efforts in his Opposition ("Opp.") to redefine the allegations in his Second Amended Complaint ("SAC") do not remedy the two central deficiencies that mandate its dismissal: Plaintiff has failed to make any plausible, good faith assertions of material falsity as to the existence of a federal investigation into him; and there are no assertions of fact that plausibly give rise to a finding of actual malice. In fact, despite two amendments to the complaint and nearly 20 pages of briefing on this motion, Plaintiff has still failed to make the straightforward allegation that he is not being investigated for drug trafficking and money laundering. The absence of this, most fundamental, allegation not only dooms Plaintiff's claim, but also suggests that this lawsuit is not a good faith effort to compensate Mr. Cabello for alleged defamatory statements, but is, instead, an effort to determine through discovery information about a government investigation into his activities. This is an impermissible use of the courts by a public figure eager to suppress negative news about himself. Mr. Cabello's claim must be dismissed.

## ARGUMENT

### I.
### THE COMPLAINT FAILS TO ALLEGE MATERIAL FALSITY

In its Opening ("Mem.") and Supplement ("Supp. Mem."), Dow Jones demonstrated that Mr. Cabello failed to plead the material falsity of the only alleged defamatory fact in the Article – that Mr. Cabello was being investigated for drug trafficking and money laundering.[1] *See*

---

[1] In the Opposition, Plaintiff claims that Dow Jones does not dispute the sufficiency of his pleading of two elements of his claim – defamatory meaning or ongoing publication. Opp. at 2. For the avoidance of doubt, Dow Jones makes no such concessions. Dow Jones accepts the

1

*Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A.*, 14 F. Supp. 3d 191, 216 (S.D.N.Y. 2014) ("[W]here a plaintiff does not 'establish, or even plead, that the alleged statements were false,' the claim should be dismissed.") (quoting *Am. Preferred Prescription, Inc. v. Health Mgmt., Inc.*, 252 A.D.2d 414, 421 (1st Dep't 1998)); Mem. at 7-9; Supp. Mem. at 2-5.

In response, Mr. Cabello, who quite remarkably waited until the eighth page of his Opposition to address this fundamental deficiency, makes several unconvincing arguments. *First*, Mr. Cabello attempts to argue that the Court cannot address whether he has adequately pled material falsity at the motion to dismiss stage. Opp. at 8. But that is simply incorrect. To survive a motion to dismiss, Mr. Cabello must set forth in his complaint sufficient factual matter that, if accepted as true, would "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That means that the Plaintiff must set forth facts in support of a defamation claim that extend beyond a "formulaic recitation" of falsity or face dismissal. *Id.* at 555; *see, e.g., Perry v. Isle of Wight Cty.*, 2015 WL 5999651, at *2 (E.D. Va. Oct. 13, 2015) (dismissing defamation claim where "Plaintiff only alleges the falsity of Defendant's statements in 'vague, conclusory terms' by merely stating that the statements are false." (quoting *Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993))); *Dobelle v.*

---

allegations in the Second Amended Complaint as true because it is required to do so on a 12(b)(6) motion. *See Biro v. Conde Nast*, 807 F.3d 541, 544 (2d Cir. 2015). If this action were to proceed, however, Dow Jones would challenge both of these claims. First, Dow Jones published the Article on May 18, 2015, and has not engaged in any "ongoing publication." *See Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 88 (2d Cir. 2003) ("Under New York's single publication rule, the statute of limitations begins to accrue on the first date of publication[,]" and "the New York State Court of Appeals [has] held that the single publication rule applies to Internet publishing." *Id.* at 89 (citing *Firth v. New York*, 98 N.Y.2d 365, 369-70 (2002)). Second, it is not defamatory *per se* to report that an individual is being investigated. *See, e.g., Stephan v. Cawley*, 24 Misc. 3d 1204(A), 2009 WL 1740827, at *4 (Sup. Ct. N.Y. Cnty. June 4, 2009) ("While the average reader may or may not pay close attention to the differences between being investigated, being indicted, and being convicted of a crime, it is this court's position that, given the high level of proof required to maintain an action for slander per se, a statement that there is an investigation does not automatically imply guilt.").

*Flynn*, 12 F. Supp. 3d 274, 294 (D. Mass. 2014) ("Plaintiff's complaint, however, fails to allege facts which even suggest that such a statement, if made more forthrightly, would be 'false,' as Plaintiff alleges. This too is a conclusory allegation not entitled to the presumption of truth. . . . Accordingly, even taking an expansive view of Cox's statement, Plaintiff fails to sufficiently allege falsity." (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009))). The cases cited by Mr. Cabello, which pre-date *Twombly* and *Iqbal*, stand for the proposition that a court, at an early stage of litigation, should not act as a factfinder as to truth or falsity, and have no relevance to whether a plaintiff has adequately pled falsity in the first instance. *See, e.g., Karedes v. Ackerley Grp., Inc.*, 423 F.3d 107, 118 (2d Cir. 2005). Accordingly, this Court can and should dismiss this complaint at this stage.

*Second*, Mr. Cabello argues that, at least as to his allegations about the headline of the Article,[2] he has sustained his burden of pleading falsity because he pled the words "materially false" among a hodge-podge of other potential legal theories.[3] Opp. at 8-10. Specifically, he

---

[2] Mr. Cabello also incorrectly insists that headlines are "of special importance for libel purposes." Opp. at 10. As the Second Circuit has held, "'[t]he accuracy of the report should be assessed on the publication as a whole, not isolated portions of it,' and a 'defendant is held only to a standard of substantial, not literal, accuracy.'" *Karedes*, 423 F.3d at 114 (quoting *Law Firm of Daniel P. Foster, P.C. v. Turner Broad. Sys., Inc.*, 844 F.2d 955, 959 (2d Cir. 1988)). When considering a defamation claim, "[a]n article's headline need only be a 'fair index' of the 'substantially accurate' material included in the article." *Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc.*, 603 F. Supp. 2d 584, 589 (S.D.N.Y. 2009) (citation omitted). If it is, it is not separately actionable. *Gunduz v. N.Y. Post Co.*, 188 A.D.2d 294, 294 (1st Dep't 1992). Here, the headline fairly reflects the remainder of the Article – in fact, the phrasing of the headline and sub-headline in the Article are repeated nearly verbatim in the body of the story – and the existence of the investigation is supported by multiple government officials, the reliability of which Mr. Cabello does not plausibly challenge. In such circumstances, "the headline argument adds little." *Karedes*, 423 F.3d at 115 n.1.

[3] In the Second Amended Complaint, Plaintiff also attempts to allege that certain statements about him being the "biggest," "leading" or "main" target of the investigation can give rise to a claim of defamation. SAC ¶¶ 19-20. In the Opening, Dow Jones demonstrated that the inclusion of these words is not actionable if, in fact, there is an investigation. *Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 369 (S.D.N.Y. 1998); Mem. at 10-11. As such, if Mr. Cabello has not

3

claims to have satisfied the pleading standard because he pled in the alternative that "[u]pon information and belief, the title and subtitle [of the Article], insofar as they mentioned and referred to Mr. Cabello, are materially false or otherwise render a materially false depiction of the subject, nature, and/or content of purportedly ongoing, classified federal law enforcement activities." *Id.* at 9; SAC ¶ 18.  But this argument is unpersuasive.

As a matter of common sense, if Mr. Cabello had a good faith belief that there was no investigation of him for drug trafficking and money laundering, he would have alleged so without any qualification.  His continued failure to plead this simple allegation indicates his suit's lack of merit.  Indeed, his conclusory allegation makes it impossible to know if he believes that there is no investigation, if the investigation is focused on drug trafficking but not money laundering, or vice-versa, or if the headline is inaccurate for some other, unspecified reason.  If his vague alternative allegations were sufficient, it would undercut the important constitutional principles that allow for swift disposal of libel claims.  *See, e.g. N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 273 (1964) ("Criticism of [government officials'] official conduct does not lose its constitutional protection merely because it is effective criticism and hence diminishes their official reputations."); *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 457 (S.D.N.Y. 2012) ("The New York Court of Appeals has explained that there is 'particular value' in resolving defamation claims at the pleading stage, 'so as not to protract litigation through discovery and trial and thereby chill the exercise of constitutionally protected freedoms.'" (quoting *Armstrong v. Simon & Schuster, Inc.*, 85 N.Y.2d 373, 379 (1995))); *Adelson v. Harris*, 973 F. Supp. 2d 467, 481

---

pled the material falsity of the claim that he is being investigated for drug trafficking and money laundering (and as discussed above, he has not done so), then his claim as based on these allegations must be dismissed as well.  In the Opposition, Mr. Cabello appears to agree with this understanding of the law, but falls back on the defective pleadings discussed above.  Opp. at 9 n.10; SAC ¶ 18.  This argument likewise fails.

(S.D.N.Y. 2013) ("Because a defamation suit 'may be as chilling to the exercise of First Amendment freedoms as fear of the outcome of the lawsuit itself,' courts should, where possible, resolve defamation actions at the pleading stage." (quoting *Wash. Post Co. v. Keogh*, 365 F.2d 965, 968 (D.C. Cir. 1966))), *question certified*, 774 F.3d 803 (2d Cir. 2014).[4]

Moreover, this manner of pleading falsity in the alternative has routinely been rejected in federal district courts as failing to satisfy the *Iqbal* plausibility standard. In particular, in *Hohmann v. GTECH Corp.*, cited in the Opening and Supplement, but not addressed in the Opposition, the plaintiff made a similarly indirect claim of falsity and the court rejected it, concluding that the "failure to allege falsity is not a mere formality." 910 F. Supp. 2d 400, 408 (D. Conn. 2012). Instead, the court held, where "Plaintiffs are trying to allege these causes of action while carefully avoiding alleging" the falsity of the central factual assertion at issue, the defamation claim must be dismissed. *Id*; *see also Dr. R.C. Samanta Roy Inst. of Science & Tech. v. Star Tribune Co.*, 2005 WL 1661514, at *4 (D. Minn. July 15, 2005) (dismissing defamation claims because, in part, "although Plaintiffs vaguely allege that the statements are 'false,' Plaintiffs fail to specifically indicate how or why the statements are false, and allege no facts to support their blunt allegations,"), *aff'd*, 201 F. App'x 382 (8th Cir. 2006) (*per curiam*); *Kirch v. Liberty Media Corp.*, 2004 WL 2181383, at *7 n.21 (S.D.N.Y. Sept. 27, 2004) ("Plaintiffs do allege in the Complaint that Breuer's statements were 'blatantly false.' However, that conclusory assertion alone is insufficient to overcome a motion to dismiss under Rule

---

[4] Nor does Mr. Cabello's reliance on assertions based exclusively "on information and belief" save his claim. While "*Twombly* does not prevent a plaintiff from pleading facts 'on information and belief' in appropriate circumstances[,] . . . . such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" *JBCHoldings NY, LLC v. Pakter*, 931 F. Supp. 2d 514, 526-27 (S.D.N.Y. 2013) (dismissing claim based on "information and belief" assertions because "Plaintiffs have offered nothing but conjecture and speculation to support their belief about defendant's culpability." (quoting *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 385 (S.D.N.Y. 2006))).

12(b)(6)."), *vacated on other grounds*, 449 F.3d 388 (2d Cir. 2006); *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 494 (5th Cir. 2013) (refusing to enforce Canadian defamation judgment in part because "Trout Point's allegations of falsity are unaccompanied by any facts that contradict or otherwise undermine the allegedly defamatory statements. Given the legal significance attached to the word 'falsity,' Mississippi law requires Trout Point to do more than merely cry 'false' to prove its claim."). Mr. Cabello's alternative theory of how to plead falsity, therefore, fails as a matter of law.

*Third,* Mr. Cabello devotes much of his Opposition to disputing what he describes as Dow Jones's argument that it is entitled to blanket protection for the statements in the Article because the Article constitutes constitutionally protected opinion. But Dow Jones made no such argument. Instead, in the Opening, Dow Jones argued that Plaintiff cannot save his case with his allegations that the Article contained false statements that "Plaintiff has been involved in criminal activities related to drug trafficking and money laundering" or "charge or accuse Mr. Cabello of committing one or more serious crimes, i.e., federal drug trafficking and money laundering offenses," or quote a Venezuelan National Guard officer that "'the involvement of top officials [in the National Guard and] in the government of Venezuela in drug trafficking is very clear,'" SAC ¶¶ 3, 32, 44. This is for the simple reason that Dow Jones never made any such assertions of fact in the Article. Mem. at 13-14. To the contrary, the Article reports on the fact of an *investigation* and the beliefs *of the investigators* that evidence existed tying Mr. Cabello to drug trafficking. Dow Jones never endorsed the truth of those statements. As a result, Dow Jones, citing *Lenz v. Young*, 492 F. App'x 145, 147 (2d Cir. 2012), argued that those were statements of opinion by the investigators about their expectations about the outcome of the

6

investigation, and were not actionable as false statements of fact as against Dow Jones. *Id.*[5]

*Finally*, Mr. Cabello argues that he has adequately pled that the Article's description of what Leamsy Salazar told investigators was materially false. Opp. at 11-13. But, in so arguing, Mr. Cabello fundamentally misses the point of Dow Jones's other arguments. As Dow Jones argued in the Opening and Supplement, the Article reports that Mr. Salazar made certain statements to investigators; it does not report that those statements are true. Mem. at 12; Supp. Mem. at 4. Mr. Cabello pleads in his Second Amended Complaint that Dow Jones misattributed its source for the fact that Mr. Salazar spoke to investigators, SAC ¶¶ 35-37, or misquoted those sources, *id.* ¶ 38, or that the statements Mr. Salazar made were themselves false, *id.* ¶ 39, but he never alleges that it is false that Mr. Salazar spoke to officials investigating Mr. Cabello for drug trafficking or money laundering. That is, Mr. Cabello did not plead the falsity of the one statement that Dow Jones actually made about Leamsy Salazar. *See, e.g., Lenz*, 492 F. App'x at 147 ("New York courts 'will not strain to find a defamatory interpretation where none exists.'" (quoting *Cohn v. NBC*, 50 N.Y.2d 885, 887 (1980))). For this reason, Mr. Cabello has failed to adequately plead the falsity of the Article's claims about Mr. Salazar.

Mr. Cabello still has not pled that the key statement in the Article – *i.e.*, that Mr. Cabello is being investigated for drug trafficking and money laundering – is false. Because he has failed to do so, his claim must be dismissed.

---

[5] Mr. Cabello also argues that he has adequately alleged material falsity because the Article variously describes him as the "biggest," "leading," or "main" target of the investigation. SAC ¶¶ 19, 20; Opp. at 7. But in the context of reporting on an investigation, these terms do not reflect a quantifiable measurement, but rather the reporters' assessment of the relative importance of the various investigation subjects. As a result, they are not the types of statements that can be objectively characterized as true or false and, therefore, are not actionable in defamation. *Vinas v. Chubb Corp.*, 499 F. Supp. 2d 427, 436 (S.D.N.Y. 2007).

## II.
## MR. CABELLO HAS FAILED TO
## PLAUSIBLY PLEAD ACTUAL MALICE

Finally, the Opposition does nothing to rectify Mr. Cabello's failure to adequately plead actual malice. In the Opening and Supplement, Dow Jones demonstrated, consistent with the Second Circuit's recent opinion in *Biro*, that the Second Amended Complaint should be dismissed because Mr. Cabello has failed to state any facts that plausibly allege that Dow Jones acted with subjective knowledge that the challenged statements were false. Mem. at 17-22; Supp. Mem. at 5-7. In response, Mr. Cabello makes several unconvincing arguments.

First, relying almost entirely on cases pre-dating *Biro*, *Twombly* and *Iqbal*, Plaintiff argues that actual malice is a fact-intensive inquiry that must be made after discovery. Opp. at 13-14. Plaintiff is mistaken. The Second Circuit has unequivocally held that, consistent with the Supreme Court's decisions in *Iqbal* and *Twombly*, to survive a motion to dismiss "a public-figure plaintiff must plead plausible grounds to infer actual malice by alleging enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of actual malice." *Biro*, 807 F.3d at 546 (internal marks and citation omitted). This requirement has also been articulated by the First, Fourth, Seventh and Eleventh Circuits. *See Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 58 (1st Cir. 2012); *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 377-78 (4th Cir. 2012); *Pippen v. NBCUniversal Media, LLC*, 734 F.3d 610, 614 (7th Cir. 2013); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702-06 (11th Cir. 2016). Moreover, in reaching this conclusion, the Second Circuit rejected the very argument – based on some of the very same cases – made in Plaintiff's brief. *Compare* Opp. at 13-14, *with Biro*, 807 F.3d at 544-46. There is no question, then, that this Court can and should dismiss Mr. Cabello's complaint for failure to plausibly allege actual malice for the reasons set forth in the Opening and Supplement.

Next, Mr. Cabello claims to have set forth five factual allegations such that he has demonstrated actual malice. Opp. at 14-15; SAC ¶¶ 52(a)-(e). As an initial matter, four of those five allegations are largely the same – *i.e.,* that Dow Jones relied wholly on nonexistent or unreliable sources that it made no effort to verify. SAC ¶¶ 52(a), (b), (c), (e).[6] But, as discussed in the pre-motion letters filed in this Court, and the Opening and Supplement, these very allegations were rejected by the Second Circuit in *Biro*, which held that such allegations are insufficient, absent plausibly alleged "facts that would have prompted the [media] defendants to question the reliability of any of the named or unnamed sources at the time the Article was published." *Biro*, 807 F.3d at 546 (rejecting as irrelevant information casting doubt on reliability of sources that emerged after publication); *see, e.g., Michel*, 816 F.3d at 704 ("That many of the sources were not identified by name does not render them or the reliance on them invalid"). Plaintiff has had three opportunities to make these allegations and has failed each time to do so.

Moreover, Mr. Cabello's claim that Dow Jones made no effort to verify the accuracy of its sources, Opp. at 15, is contradicted on the face of the Article. Not only did Dow Jones make repeated efforts to contact Mr. Cabello himself for comment, but, in fact, Dow Jones went out of its way to include his prior denials of the similar allegations made against him in other media outlets. The Article also cited the reporting of Venezuelan news outlets as to similar allegations. It is clear that Dow Jones made efforts to verify its confidential sources.

Plaintiff also appears to make the novel argument that because he has alleged that Dow Jones used confidential sources he is entitled to take discovery here, claiming that any other rule

---

[6] The fifth "fact" is that Mr. Cabello argues that Dow Jones relied on an article in a Spanish periodical. SAC ¶ 52(d). As discussed in the Opening, however, relying on a legitimate newspaper article *precludes* a finding of malice. *Rakofsky v. Wash. Post*, 39 Misc. 3d 1226(A), 2013 WL 1975654, at *10 (Sup. Ct. N.Y. Cnty. Apr. 29, 2013) (citing *Karaduman v. Newsday, Inc.*, 51 N.Y.2d 531, 550 (1980)); Mem. at 21-22.

would allow Dow Jones to use confidential sources "as a 'sword' to effectuate dismissal." Opp. at 16. But this argument is wholly inconsistent with *Biro*, in which the court rejected the idea of such a *per se* rule and, in fact, gave Plaintiff specific instructions on how to plead that a confidential source was insufficient or unverified – *i.e.*, by pleading facts that would have prompted Dow Jones to question the sources. *Biro*, 807 F.3d at 546. Because there are no such facts here, Mr. Cabello's complaint is not entitled to survive a motion to dismiss. Indeed, in this case, it is worth noting that the Article, far from being discredited, has been confirmed by independent work by other, reputable publications. SAC ¶ 44.

Finally, Mr. Cabello argues that he has identified "internally inconsistent characterizations" in the Article such that an inference of actual malice is permissible. Opp. at 9 n.10 & 15. Remarkably, the claimed "internally inconsistent" statements are that the Article refers to Mr. Cabello alternately as the "biggest," "leading" and "main" target of the investigation. SAC ¶¶ 19, 20, 25, 28. This argument is specious at best and shines a telling light on the weakness of Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, Defendant Dow Jones respectfully requests that this Court enter an order dismissing the Second Amended Complaint against it, with prejudice, and for such other and further relief as the Court deems just and proper.

Dated: January 6, 2017                    LEVINE SULLIVAN KOCH & SCHULZ, LLP

                                                                              */s/ Katherine M. Bolger*
Katherine M. Bolger, Esq.
Jeremy A. Kutner, Esq.
321 West 44th St., Suite 1000
New York, NY 10036
Telephone: (212) 850-6123
Facsimile: (212) 850-6299
kbolger@lskslaw.com
*Counsel for Defendant Dow Jones & Company, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of January, 2017, a true and correct copy of the foregoing Reply Memorandum of Law in Further Support of Defendant's Motion to Dismiss was served via this Court's ECF system on all counsel of record.

                                                               */s/ Katherine M. Bolger*
                                                               Katherine M. Bolger, Esq.

                                                               LEVINE SULLIVAN KOCH & SCHULZ, LLP
                                                               321 West 44th St., Suite 1000
                                                               New York, NY 10036
                                                               Telephone: (212) 850-6123
                                                               Facsimile: (212) 850-6299
                                                               kbolger@lskslaw.com

                                                               *Counsel for Defendant Dow Jones & Company, Inc.*